UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
CIVIL ACTION NO. 15-CV-000157

BENJAMIN CRUZ-CRUZ, EULALIO DIEGO-CRUZ, MICAEL DIEGO-JARQUIN, AQUILEO GIJON-BAUTISTA, CAMERINO GIJON-BAUTISTA, ANDRES LOPEZ-IBARRA, FRANCISCO RAMIREZ, and ISAIAS SANTOS-CRUZ,         PLAINTIFFS

V.         **ANSWER**

MCKENZIE FARMS, GENE MCKENZIE, AUSTIN MCKENZIE, and CONLEY-MORGAN LAW GROUP, PLLC d/b/a CONLEY LAW GROUP, PLLC.         DEFENDANTS

* * * * * * * * * * * * * * * * * * * * * * * * * *

Comes now the Defendant Conley-Morgan Law Group, PLLC (hereinafter "Conley Law Group"), by and through counsel, and for its Answer to the Plaintiffs' Complaint states and alleges the following:

1. The Defendant admits the allegations contained in Numerical Paragraphs 1, 9 through 17, 19 through 23, 51, and 129 of the Plaintiffs' Complaint.

2. The Defendant is without sufficient information to admit or deny the allegations in Numerical Paragraphs 6, 8, 18, 35through 50, 52 through 58, 78 through 128, 130 through 143, 146 through 148, 150 through 154, 156 through 163 of the Plaintiffs' Complaint. Therefore, said paragraphs are hereby denied.

3. The Conley Law Group denies the allegation in Numerical Paragraphs 166 through 171 of the Plaintiffs' Complaint.

4. With respect to the allegations in Numerical Paragraph 2 of the Plaintiffs' Complaint, the Defendant Conley Law Group admits that it provided services to McKenzie Farms to obtain H2A workers.

5. With respect to the allegations contained in Numerical Paragraph 3, the Conley Law Group admits that it has assisted other farms to obtain H2A workers and has assisted in the filing of several applications. The Conley Law Group admits that Laura Elizabeth Buckley is a licensed attorney and is familiar with the regulations and obligations of the H2A program.

6. With respect to the allegations contained in Numerical Paragraph 4, the Conley Law Group admits that it assisted in the filing of the H2A application for McKenzie Farms. All documents with respect thereto speak for themselves.

7. With respect to the allegations contained in Numerical Paragraph 5, the Conley Law Group admits that the purpose of the H2A program is to obtain agricultural workers from another country to provide their services in the United States.

8. With respect to the allegations contained in Numerical Paragraph 7, the Conley Law Group is without sufficient knowledge as to the conversations between the other Defendants and the Plaintiffs. The Conley Law Group denies that it made any such threats. Therefore, this paragraph is hereby denied.

9. With respect to the allegations contained in Numerical Paragraph 24, the Conley Law Group admits that it is a law firm and assisted in the H2A application of McKenzie Farms.

10. With respect to the allegations contained in Numerical Paragraph 25 through 33 generally describe the H2A application process, the Conley Law Group states that all documents with respect thereto speak for themselves.

11. With respect to the allegations contained in Numerical Paragraph 34, the Conley Law Group admits that it these Plaintiffs participated in the H2A program for the 2013-2014 tobacco season.

12. With respect to Numerical Paragraphs 59 through 74, 77 are legal conclusions for which the Defendant has not yet sufficient time or discovery to determine. Said paragraphs are therefore to be treated denied.

13. With respect to the allegations contained in Numerical Paragraph 75 and 76, the documents speak for themselves.

14. With respect to the allegations contained in Numerical Paragraph 144, 145 and 149, and 155 the Conley Law Group states that the statutes speak for themselves.

15. With respect to the allegations contained in Numerical Paragraph 164, the Conley Law Group states that the allegation is a legal conclusion of the Plaintiffs and does not require a response. However, to the extent that one is required, it is hereby to be treated as denied.

16. With respect to the allegations contained in Numerical Paragraph 165, the Conley Law Group admits that it had knowledge of the clearance order.

17. Any and all facts and/or allegations not specifically admitted herein are hereby denied.

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim for which relief may be granted.

**SECOND DEFENSE**

The Defendant hereby pleads the affirmative defenses contained in F.R.C.P 8 (C)(1), including but not limited to: Accord and Satisfaction, Arbitration and Award, Assumption of Risk, Contributory Negligence, Estoppel, Injury Fellow Servant, Laches, Illegality, Statute of Limitations, Payment, Release and Waiver.

### THIRD DEFENSE

The Plaintiffs' Complaint alleges that the Defendant Conley Law Group was the agent of McKenzie Farms. Therefore, pursuant to F.R.C.P. 9(a), the Conley Law Group hereby pleads its capacity to be sued individually and as a separate cause of action from the allegations against the principle.

WHEREFORE, the Defendant hereby respectfully requests all relief which it may be entitled, including but not limited to a dismissal of the Plaintiff's claims against it, and a recovery of its costs and reasonable attorney's fees expended in the defense hereof.

Respectfully Submitted,

/s/ Thomas D. Bullock
BULLOCK & COFFMAN, LLP
Thomas D. Bullock
J. Ross Stinetorf
Gregory B. Ladd
234 N. Limestone
Lexington, KY 40507
Telephone:  (859) 225-3939
Facsimile:  (859) 225-5748

## **CERTIFICATE OF SERVICE**

      I do hereby affirm that a true and correct copy of the foregoing was sent via the ECF filing system on this 2nd day of September, 2015 to the following:

Douglas Stevick  
Texas Riogrande Legal Aid, Inc.  
5439 Lindenwood Ave.  
St. Louis, MO 63109  

M. Brian Beltran Beltran  
Texas Riogrande Legal Aid, Inc.  
311 Plus Park Blvd., Ste. 135  
Nashville, TN 37217  

McKenzie Cantrell  
Kentucky Equal Justice Center  
455 S. Fourth Street, Suite 1071  
Louisville, KY 40202  

    /s/ Thomas D. Bullock  
    Thomas D. Bullock