UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION

BENJAMIN CRUZ-CRUZ, EULALIO DIEGO-CRUZ, MICAEL DIEGO-JARQUIN, AQUILEO GIJON-BAUTISTA, CAMERINO GIJON-BAUTISTA, ANDRES LOPEZ-IBARRA, FRANCISCO RAMIREZ, and ISAIAS SANTOS-CRUZ,

    Plaintiffs,

vs.

MCKENZIE FARMS, GENE MCKENZIE, AUSTIN MCKENZIE, and CONLEY-MORGAN LAW GROUP, PLLC d/b/a CONLEY LAW GROUP, PLLC,

    Defendants.

Civil Action No. 5:15-CV-157-REW
Judge Wier

## ORDER AND ENTRY OF FINAL JUDGMENT AS TO DEFENDANTS MCKENZIE FARMS, GENE MCKENZIE, AND AUSTIN MCKENZIE

This cause came before the Court upon the motion of Plaintiffs Benjamin Cruz-Cruz, Eulalio Diego-Cruz, Micael Diego-Jarquin, Aquileo Gijon-Bautista, Camerino Gijon-Bautista, Andres Lopez-Ibarra, Francisco Ramirez, and Isaias Santos-Cruz ("Plaintiffs") and Defendants McKenzie Farms, Gene McKenzie, and Austin McKenzie ("McKenzie Defendants") to enter final judgment as to the McKenzie Defendants pursuant to Federal Rule of Civil Procedure 54(b). The Court finds for the purposes of this Order as follows:

    1.    Plaintiffs filed this suit against four defendants, including the three McKenzie Defendants. Plaintiffs alleged four causes of action against the McKenzie Defendants: Fair Labor Standards Act ("FLSA") minimum wage violations, forced labor and trafficking under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and a common-law claim for

1

breach of contract under Kentucky law.

2. Plaintiffs and the McKenzie Defendants agreed upon a compromised settlement of this matter, the terms of which are set forth in a Settlement Agreement and Release of Claims ("Agreement"), which the Court approved on February 5, 2016. (Doc. No. 42.) In its Order approving the Agreement, the Court directed Plaintiffs and the McKenzie Defendants to jointly file a motion for entry of final judgment as to the McKenzie Defendants pursuant to Federal Rule of Civil Procedure 54(b) within seven days of Plaintiffs' receipt of the payment made by the McKenzie Defendants.

3. The McKenzie Defendants have made full payment to Plaintiffs pursuant to the Agreement.

4. Pursuant to paragraph 11 of the Agreement and the Court's Order approving the Agreement, Plaintiffs and the McKenzie Defendants jointly moved for entry of final judgment as to the McKenzie Defendants pursuant to Federal Rule of Civil Procedure 54(b), within seven days of the McKenzie Defendants' payment to Plaintiffs.

**IT IS THEREFORE ORDERED**, pursuant to Federal Rule of Civil Procedure 54(b),[1] that final judgment be entered against the McKenzie Defendants and that Plaintiffs' claims against the McKenzie Defendants are hereby **DISMISSED WITH PREJUDICE** in accordance

---

[1] The Court enters the parties' proposed final judgment but expressly notes that the document, though labelled final, does not include a Rule 54(b) finding that "there is no just reason for delay." The draft did not include the finding, and the joint motion does not address that finding or the justification required for same. Thus, this is not truly final and appealable. A certification without the full findings and without adequate articulation of reasons would be an abuse of discretion by the Court. *See EJS Properties, LLC v. City of Toledo*, 689 F.3d 535, 537 (6th Cir. 2012); *Justice v. Pendleton Place Apartments*, 40 F.3d 139, 141 (6th Cir. 1994) ("Another 'requirement' under Rule 54(b) is that the district court articulate its reasons for certifying a final order. . . . The court must weigh and examine the competing factors . . . [and] do more than just recite the 54(b) formula of 'no just reason for delay.'") (quotations and citations omitted). The parties may file an appropriate motion if they seek to revisit this status.

with the Agreement reached by Plaintiffs and the McKenzie Defendants. Pursuant to paragraph 19 of the Agreement, the Court will retain jurisdiction to enforce the Agreement.

**SO ORDERED** this 29 day of February, 2016.

_____
ROBERT E. WIER
UNITED STATES MAGISTRATE JUDGE

3